STATE OF MINNESOTA                                IN DISTRICT COURT

COUNTY OF HENNEPIN                      FOURTH JUDICIAL DISTRICT

COURT FILE NO. _____
CASE TYPE NO. Contract, Class Action

Yendi Trevino, Vanessa Quintanilla,
Lydia Diaz, Claudia Diaz, Maria Diaz,

         Plaintiffs,

vs.

Del Monte Corporation,

         Defendant.

## SUMMONS

THIS SUMMONS IS DIRECTED TO <u>Del Monte Corporation</u>

       1.     **YOU ARE BEING SUED.** The Plaintiffs have started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

       2.     **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received the Summons. You must send a copy of your Answer to the person who signed this Summons located at Rajkowski Hansmeier Ltd., 11 Seventh Avenue North, P.O. Box 1433, St. Cloud, MN 56302.

       3.     **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

       4.     **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the



Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

     5.    **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

     6.    **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated this 29th day of September, 2010.

RAJKOWSKI HANSMEIER LTD.

By _____
Troy A. Poetz - 318260
Gregory J. Haupert - 320213
Attorneys for Plaintiffs
11 Seventh Avenue North
P.O. Box 1433
St. Cloud, Minnesota 56302
Telephone: (320) 251-1055

THE LAW OFFICE OF TEJEDA
GUZMAN, PLLC

By _____
Antonio Tejeda - 0325326
Attorneys for Plaintiffs
214 4th St SW
Willmar, MN 56201
Telephone: (320) 262-3669

STATE OF MINNESOTA                                          IN DISTRICT COURT

COUNTY OF HENNEPIN                                          FOURTH JUDICIAL DISTRICT

COURT FILE NO. _____
CASE TYPE NO. Contract, Class Action

Yendi Trevino, Vanessa Quintanilla,
Lydia Diaz, Claudia Diaz, Maria Diaz,

    Plaintiffs,

vs.

Del Monte Corporation,

    Defendant.

## COMPLAINT IN COLLECTIVE AND CLASS ACTION

Plaintiffs Yendi Trevino, Vanessa Quintanilla, Lydia Diaz, Claudia Diaz, Maria Diaz, by and through their attorneys, Rajkowski Hansmeier, Ltd. and The Law Office of Tejeda Guzman, PLLC state and allege as follows:

### PARTIES

1. Plaintiff Yendi Trevino was a seasonal employee of the Defendant. Plaintiff is a resident of Sleepy Eye, MN.

2. Plaintiff Vanessa Quintanilla was a seasonal employee of the Defendant. Plaintiff is a resident of Denton, TX.

3. Plaintiff Lydia Diaz is a seasonal employee of the Defendant. Plaintiff is a resident of Sleepy Eye, MN.

4. Plaintiff Claudia Diaz is a seasonal employee of the Defendant. Plaintiff is a resident of Sleepy Eye, MN.

5. Plaintiff Maria Diaz is a seasonal employee of the Defendant. Plaintiff is a resident of Sleepy Eye, MN.

6. Defendant Del Monte Corporation, ("Del Monte") is a nationwide producer, distributor and marketer of branded food and pet products. Del Monte is headquartered in San Francisco, California, with a food processing plant located in Sleepy Eye, Minnesota. The Sleepy Eye plant employs up to 400 employees during its peak processing season.

## FACTUAL ALLEGATIONS

7. Plaintiffs seek relief on a collective and a class-wide basis challenging Del Monte's practice of not fully compensating employees for time spent donning and doffing at its plants. It is believed and alleged that of the approximately 400 employees Del Monte employs during its peak processing season, most are not compensated for the time spent donning and doffing integral and indispensible work-related items.

8. Plaintiff Yendi Trevino was employed by Del Monte in their canning department.

9. Plaintiff Vanessa Quintanilla was employed by Del Monte in their canning department.

10. Plaintiff Lydia Diaz is employed by Del Monte in their canning department.

11. Plaintiff Claudia Diaz is employed by Del Monte in their canning department.

12. Plaintiff Maria Diaz is employed by Del Monte in their canning department.

13. Plaintiffs worked for a fixed hourly wage rate.

14. Similarly situated as all other Del Monte workers, Plaintiffs are or were hourly employees with no discretion in job functions. None of the Plaintiffs or those similarly situated managed any employees.

15. Plaintiffs and those similarly situated are nonexempt hourly employees.

16. Plaintiffs and those similarly situated were and are required by Del Monte to "don" and "doff" mandatory work items, including boots, glasses, ear plugs, a hair net, smock,

2

gloves, and protective hard hats.

17.  Plaintiffs would typically obtain their first piece of integral and indispensible work gear, a smock required by her employer, from a trailer that Del Monte stationed in its outdoor parking lot. Plaintiffs would then proceed inside of the facility where they would don the remainder of their gear. Only after fully donned required gear were Plaintiffs allowed to punch in.

18.  This gear donned by Plaintiffs and those similarly situated is made mandatory by Del Monte and employees are instructed on the specific fashion in which the clothes must be "donned."

19.  Plaintiffs and those similarly situated must be fully dressed in the gear required by Del Monte prior to arriving at their work stations.

20.  Plaintiffs and those similarly situated are not paid for the time spent donning their gear at the beginning of the workday, for the time spent waiting in line to don these items, or for the time spent after obtaining the first item of integral and indispensible work gear, a smock.

21.  At the end of their shift, Plaintiffs and those similarly situated are allowed to leave their workstations and must perform a final doffing of their required work gear.

22.  Plaintiffs are not paid for the time spent doffing their required work gear at the end of their workday.

23.  As one of the country's largest and most well-known producers, distributors and marketers of premium quality, branded food and pet products for the U.S. retail market, as well as an employer of approximately 14,800 employees, Del Monte is well aware of the applicable federal and state laws and regulations governing overtime requirements.

24.  The work performed by Del Monte line employees at its Sleepy Eye, Minnesota facility is nonexempt work. Del Monte has not compensated its nonexempt employees for all hours worked as required by federal and state law. Del Monte has not paid its nonexempt employees full overtime compensation for the hours worked as required by the Fair Labor Standards Act ("FLSA") and applicable state law. Instead, Del Monte refuses to fully

compensate its line employees for the time spent at the beginning of shifts changing into required gear and equipment, including boots, glasses, ear plugs, a hair net, smock, gloves, and protective hard hats, and at the end of shifts for removing these same items. Failing to pay these employees overtime pay for time spent donning and doffing violates the FLSA and applicable State law.

25. Del Monte did not exercise good faith in willfully failing to fully compensate its employees under the FLSA. Del Monte consciously excluded from hours worked the time spent by line employees donning and doffing at the manufacturing plants.

26. At the same time, and for further proof of its failure to exercise good faith, companies employing line workers have continuously been found to violate federal and state wage and hour laws in these situations. Despite repeated admonitions by the U.S. Department of Labor that the practice of not compensating workers for time spent donning and doffing violates federal and state law, to date, Del Monte adheres to this unlawful practice.

27. Plaintiffs' FLSA claim is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a nationwide "opt-in" collective action (hereinafter "the FLSA Action"). The FLSA Action is brought on behalf of all nonexempt, nonsupervisory employees of Del Monte in Minnesota who were employed as line workers (hereinafter "the FLSA Employees"). The FLSA Action seeks to (i) recover unpaid overtime compensation owed to the FLSA Employees, (ii) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA, (iii) recover reasonable attorneys' fees and costs of the action, as provided for by Section 16(b) of the FLSA and (iv) prejudgment and post-judgment interest as allowed.

## JURISDICTION AND VENUE

28. Jurisdiction over Plaintiffs' federal claims is based upon: (a) Section 16(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 216(b), which authorizes employees to bring civil actions in state or federal court to recover damages for an employer's failure to pay overtime wages as required by the FLSA; and 29 U.S.C. §§ 1331 and 1337.

29. Venue is proper because this a venue in which Del Monte resides and this is a venue in which a substantial part of the events or omissions giving rise to the claims occurred.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs also assert their unpaid wage and overtime wage claim under applicable state law as a conventional "opt-out" class action under Rule 23 of the Minnesota Rules of Civil Procedure (hereinafter "the State Class Action"). The proposed class definition for the State Class Action is as follows:

> All current and former non-exempt, non-supervisory employees of Del Monte Corporation in Minnesota who work or have worked for Del Monte Corporation and have not been compensated for time spent donning and doffing mandatory work gear from September 29, 2007 through the date judgment is entered in this action.

31. State law broadens, but does not restrict the independent rights of the employees to receive payment for all hours worked, including overtime wages, penalties, interest and attorneys' fees. Because Del Monte has violated the FLSA, it has similarly violated applicable State law protections to its line employees and sanitation workers.

32. The proposed State Class is entitled to receive the unpaid overtime pay due them under State law. In addition, the State Class is entitled to recover interest on the amount of unpaid overtime pay due them and reasonable attorneys' fees and costs of suit. In addition, State law provides for the payment of liquidated damages and penalties in addition to amounts owed under the FLSA.

33. The putative State Class Action is based upon the same conduct engaged in by Del Monte in not paying its employees for all compensable work to which they were entitled to under the applicable State law. The putative State Class Action seeks to (i) recover unpaid overtime compensation owed to the putative State Class members, (ii) recover liquidated damages and penalties under applicable State law, (iii) recover reasonable attorneys' fees and costs as provided for by applicable State law, and (iv) prejudgment and post-judgment interest as allowed.

5

34.   Members of the putative class are so numerous that joinder of all such members is impracticable. Although the exact size of the putative class is unknown, it is believed and alleged that the number of persons not compensated for donning and doffing far exceeds 500 persons.

35.   There are common questions of law and fact applicable to the putative class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, common questions of fact include the job duties and responsibilities of the line employees and the compensation provided to line employees. Calculation of the regular rate of pay under State law and the amount of overtime pay due the class members under State law also involve common questions of law and fact. Common questions of law include application of the weekly overtime requirements and application of the record-keeping obligations.

36.   Plaintiffs were and are employed by Del Monte as line employees canning vegetables at Del Monte's processing plant in Sleepy Eye, Minnesota. During their employment, Plaintiffs did not receive compensation for time worked, including those hours worked in excess of forty eight (48) hours in a workweek for which they should have received weekly overtime pay under applicable State law, but did not receive overtime compensation as required by law. Plaintiffs' claims are therefore typical of the claims of the members of the proposed State Class. Plaintiffs are entitled to all compensation owed under State law, including overtime compensation owed under State law, and they are also entitled to liquidated damages, penalties and attorneys' fees under State law.

37.   Plaintiffs will fairly and adequately protect the interests of the putative class. They have no conflicts with the putative class members. Their counsel possess the requisite financial and time resources and are experienced in multi-party, complex litigation.

38.   The prosecution of separate actions by putative class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for Del Monte. (Minn. R. Civ. P. 23.02(a)(1)); (Fed. R. Civ. P. 23(b)(1)(A)).

39. The prosecution of separate actions by the putative class members would create a risk of adjudications with respect to individual members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. (Minn. R. Civ. P. 23.02(a)(2)); (Fed. R. Civ. P. 23(b)(1)(B)).

40. The questions of law and fact common to the putative class members predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (Minn. R. Civ. P. 23.02(c); (Fed. R. Civ. P. 23 (b)(3)). More specifically, members of the proposed State Class have little or no interest in individually controlling the prosecution of separate actions. (Minn. R. Civ. P. 23.02(c)(1)); (Fed. R. Civ. P. 23(b)(3)(A)); Plaintiffs are not aware of any other litigation concerning the controversy already commenced by the proposed State Class. (Minn. R. Civ. P. 23.02(c)(2)); (Fed. R. Civ. P. 23(b)(3)(B)); and it is desirable to concentrate the litigation of the claims in this Court because Del Monte does a substantial amount of business in this venue; and the decision to violate applicable State overtime laws took place in this venue. (Minn. R. Civ. P. 23.02(c)(3)); (Fed. R. Civ. P. 23(b)(3)(C)).

41. This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Minn. R. Civ. P. 23.02(c)(4)); (Fed. R. Civ. P. 23(b)(3)(D)).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

42. Plaintiffs reassert and re-allege the allegations set forth in the preceding paragraphs.

43. The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in

the production of goods for commerce. 29 U.S.C. § 207(a)(1). Del Monte is, and was, subject to the pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

44.　FLSA requires employers to pay employees for all hours in which the employee is suffered or permitted to work, including preparatory and concluding time. Hours worked includes time spent preparing for and concluding shifts, i.e., donning and doffing required equipment, as well as donning and doffing before and after meal and other breaks. These types of activities are integral and indispensable parts of Del Monte employees' jobs.

45.　Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(I), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Del Monte has at all times been subject to this requirement to pay its line employees one and one-half times its employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. Del Monte violated the FLSA by requiring line employees to perform compensable work in excess of forty (40) hours without proper compensation.

46.　The FLSA Employees are entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of this complaint plus periods of equitable tolling. Del Monte's failure to pay overtime to FLSA Employees was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Del Monte did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260. Accordingly, the FLSA Employees are entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Del Monte did not act willfully in failing to pay overtime pay, the FLSA Employees are entitled to an award of prejudgment interest at the applicable legal rate. Reasonable attorneys' fees and costs, pursuant to Section

16(b) of the FLSA, 29 U.S.C. § 216(b), should also be awarded.

**SECOND CAUSE OF ACTION**

**VIOLATION OF MINNESOTA STATUTE § 177.25**

47. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

48. Throughout the relevant time period, Defendant was an employer within the meaning of Minnesota Statute §177.23, Subd. 6, and subject to the requirements of Minnesota Statute §177.25, Subd. 1, which provides in pertinent part:

> No employer may employ an employee for a workweek longer than 48 hours, unless the employee receives compensation for employment in excess of 48 hours in a workweek at a rate of at least 1-1/2 times the regular rate at which the employee is employed.

49. Plaintiffs and the Class are employees within the meaning of Minnesota Statute §177.23, Subd. 7, and are entitled to the protections of Minnesota Statute § 177.254, Subd. 1 and Minnesota Rule § 5200.0120, Subp. 1.

50. When donning and doffing time is included as compensable work, Plaintiffs and the Class have worked workweeks that are longer than 48 hours.

51. Defendant has willfully violated the above provisions by excluding these hours worked and not paying 1 ½ times the rate of hourly pay for compensable work in excess of 48 hours.

52. Defendant is liable to Plaintiffs and the Class for compensatory and liquidated damages, plus costs, disbursements, witness and attorneys' fees, pursuant to Minnesota Statute § 177.27.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT

53. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

54. Defendant has failed to compensate Plaintiffs and the Class for all compensable work which was performed for the benefit of Defendant, and Defendant has accepted the benefit of the work for which compensation was not paid.

55. Defendant is liable to fully compensate Plaintiffs and the Class for all compensable work. On the date the wages were due and payable by Defendant to the Class, the unpaid wages became the property of the Plaintiffs and Class members and they have a right to their possession. By failing to pay wages due to Plaintiffs and Class members, Defendant obtained a benefit by wrong-fully obtaining and holding wages due to Plaintiffs and the Class.

56. Defendant knew of and appreciated the benefit conferred upon them by their retention of Plaintiffs' and Class members' property.

57. It would be inequitable for Defendant to continue to retain the property of Plaintiffs and the Class, and the Plaintiffs and Class are entitled to the relief set forth hereafter.

## FOURTH CAUSE OF ACTION

## QUANTUM MERUIT

58. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

59. Because Plaintiffs and the Class members performed compensable work without receiving full compensation, Defendant enjoyed reduced overhead and realized additional profits for its manufacturing operations to the detriment of Plaintiffs and Class members. For Defendant to retain the benefits would be contrary to fundamental principles of justice, equity and good

conscience.

60. Defendant is liable to Plaintiffs and the Class in an amount equal to the benefits Defendant unjustly retained.

## FIFTH CAUSE OF ACTION

## MINNESOTA MINIMUM WAGE

61. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

62. Defendant has violated Minn. Stat. 177.24 and Minn. Rule 5200.0120 subp. 1 by failing to pay at least minimum wage for all hours worked. Plaintiffs and the Class were not paid minimum wage for donning and doffing required gear and all other activities within the meaning of hours worked as provided by Minn. Rule 5200.0120 subp. 1.

WHEREFORE, Plaintiffs Yendi Trevino, Vanessa Quintanilla, Lydia Diaz, Claudia Diaz, Maria Diaz, on behalf of themselves and others similarly situated, pray for judgment as follows:

1. For compensatory damages including interest against Del Monte to be paid to all FLSA Employees, including all overtime pay owed to all FLSA employees under the FLSA in an amount to be ascertained from records and other evidence;

2. For liquidated damages against Del Monte to be paid to all FLSA Employees under Section 16(b) of the FLSA in an amount to be ascertained from records and other evidence;

3. For compensatory damages against Del Monte to be paid to the State Class, including all overtime pay owed to the State Class and the class representative in an amount to be ascertained from records and other evidence;

4. For liquidated damages, fines, penalties and pre- and post-judgment interest against Del Monte to be paid to members of the State Class and the class representative in an amount to be ascertained from records and other evidence;

11

5.  For attorneys' fees, costs and disbursements as allowed by Section 16(b) of the FLSA and applicable State and Federal law; and

6.  For any other and further relief the Court may deem just or equitable.

Dated this 28th day of September, 2010.

RAJKOWSKI HANSMEIER LTD.

By _____
Troy A. Poetz - 318267
Gregory J. Haupert - 320213
Attorneys for Plaintiffs
11 Seventh Avenue North
P.O. Box 1433
St. Cloud, Minnesota 56302
Telephone: (320) 251-1055

THE LAW OFFICE OF TEJEDA GUZMAN, PLLC

By _____
Antonio Tejeda - 0325326
Attorneys for Plaintiffs
214 4th St SW
Willmar, MN 56201
Telephone: (320) 262-3669

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney fees may be awarded according to Minn. Stat. ' 549.211, subd. 3 to the party against whom the allegations in this pleading are asserted.

_____
Attorney for Plaintiffs

12