## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Yendi Trevino, Vanessa Quintanilla, Lydia Diaz, Claudia Diaz, Maria Diaz, | Court File No. 0:10-cv-04411 SRN/JJK |
| Plaintiffs, | **ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL** |
| vs. | |
| Del Monte Corporation, | |
| Defendant. | |

William Moran, Troy Poetz, Gregory Haupert and Antonio Tejeda, counsel for Plaintiffs.

David J. Goldstein and Jeffrey A. Timmerman, Littler Mendelson, P.C., counsel for Defendant.

_____

The parties' Joint Motion for Preliminary Approval of Collective and Class Action Settlement (ECF No. 69) was heard by the Court on March 8, 2012. Plaintiffs were represented at the hearing by William Moran. Defendants were represented at the hearing by David J. Goldstein and Jeffrey A. Timmerman.

Having considered the parties' motion, the memorandum and other documents filed in support thereof, and the arguments of counsel, the Court hereby finds and orders as follows:

1

1.      Conditional FLSA Certification.

(a)     By Order dated April 28, 2011 (ECF No. 40), the Court conditionally certified the plaintiffs' federal Fair Labor Standards Act ("FLSA") claim for collective-action treatment pursuant to 29 U.S.C. § 216(b), and authorized the plaintiffs to issue notice of the lawsuit to all individuals who worked for defendant Del Monte Corporation ("Del Monte") as nonexempt, non-supervisory seasonal employees at its facility in Sleepy Eye, Minnesota ("the Sleepy Eye Facility") during a period reaching back three years prior to the date on which FLSA notice was issued (the "FLSA Class").

2.      Rule 23 Settlement Class Findings.  For purposes of the settlement of this action (and only for such purposes, without adjudication on the merits), the Court finds that the requirements for class certification under Fed. R. Civ. P. 23 have been met as to the Rule 23 Settlement Class defined below.

(a)     The composition of the Rule 23 Settlement Class is ascertainable from the records kept by Del Monte, and the members of the Rule 23 Settlement Class are so numerous that their joinder before the Court would be impracticable.  Fed. R. Civ. P. 23(a)(1) is therefore satisfied for purposes of settlement.

(b)     The commonality requirement of Fed. R. Civ. P. 23(a) is generally satisfied when members of the proposed Rule 23 Settlement Class share at least one common factual or legal issue.  Plaintiffs' Complaint (ECF No. 1-1) alleges questions of fact and law purportedly common to the proposed Rule 23 Settlement Class.  The Court preliminarily finds that there are one or more questions of fact or law common to the

Rule 23 Settlement Class.  Fed. R. Civ. P. 23(a)(2) is therefore satisfied for purposes of settlement.

(c)     The Court finds that the claims of Yendi Trevino, Vanessa Quintanilla, Lydia Diaz, Claudia Diaz, and Maria Diaz (collectively, "the Named Plaintiffs") are typical of the claims of the Rule 23 Settlement Class which they represent.  Fed. R. Civ. P. 23(a)(3) is therefore satisfied for purposes of settlement.

(d)     The Court finds that the Named Plaintiffs will fairly and adequately protect the interests of the Rule 23 Settlement Class in that: (i) the Named Plaintiffs' interests and the nature of the claims alleged are consistent with those of the members of the Rule 23 Settlement Class; (ii) there appears to be no conflicts between or among the Named Plaintiffs and the Rule 23 Settlement Class; and (iii) the Named Plaintiffs and the members of the Rule 23 Settlement Class are represented by qualified counsel who is experienced in complex class actions.  Fed. R. Civ. P. 23(a)(4) is therefore satisfied for purposes of settlement.

(e)     In the allegations of the Complaint, with respect to the Rule 23 Settlement Class, the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Rule 23 Settlement Class.  A resolution of this action in the manner proposed by the parties is superior to other available methods for a fair and efficient adjudication of the litigation.  The proposed resolution provides all members of the Rule 23 Settlement Class an opportunity to receive compensation in the form of back pay.  Fed. R. Civ. P. 23(b)(3) is therefore satisfied for purposes of settlement.

(f)     The Court finds that Rajkowski Hansmeier Ltd., Murnane Brandt, and The Law Office of Tejeda Guzman, PLLC ("Class Counsel") are capable of fairly and adequately representing the interests of the Rule 23 Settlement Class.  Class Counsel has committed the necessary resources to representing the Rule 23 Settlement Class. Class Counsel has performed extensive work in identifying and investigating potential claims in this action and has litigated these claims vigorously.   Class Counsel is experienced in handling class actions and other complex litigation.   Class Counsel is knowledgeable of the applicable law and has committed necessary resources to represent the Rule 23 Settlement Class.  Fed. R. Civ. P. 23(g) is therefore satisfied for purposes of settlement.

3.     Provisional Rule 23 Settlement Class Certification.  Based on the foregoing findings, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(a) and (b)(3) for the sole purpose of settlement and without an adjudication on the merits (the "Rule 23 Settlement Class"):

> All current and former nonexempt, non-supervisory seasonal employees of Del Monte Corporation who performed work at its facility in Sleepy Eye, Minnesota, during the period of September 28, 2007, to September 26, 2011, and who were required to don mandatory work clothing at the beginning of work shifts and/or doff work clothing at the end of work shifts.

4.     Class Representatives and Class Counsel.  The Court appoints the Named Plaintiffs as Class Representatives for the Rule 23 Settlement Class.  The Court appoints Rajkowski Hansmeier Ltd., Murnane Brandt, and The Law Office of Tejeda Guzman, PLLC as Class Counsel for the Rule 23 Settlement Class.

4

5.      <u>Preliminary Findings Regarding Proposed Settlement</u>.

(a)     The Court preliminarily finds that: (i) the proposed settlement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel had conducted adequate discovery; and (ii) the proposed settlement is sufficiently fair, reasonable, and adequate to warrant issuing notice of the settlement to the Rule 23 Settlement Class and holding a full hearing on the proposed settlement. Accordingly, the terms of the parties' proposed settlement are hereby preliminarily approved.

(b)     In the event the settlement is not finally approved by the Court or is not consummated for any other reason whatsoever, then this Order shall be vacated by further order of the Court, without prejudice to any positions of the parties with respect to any procedural or substantive issues in this action, including, but not limited to, the rights of Del Monte to challenge any motion for Fed. R. Civ. P. 23 class certification or to move to decertify the FLSA Class.

6.      <u>Final Approval Hearing</u>.  A final approval hearing is scheduled for 2:00 p.m. on September 6, 2012, before the Honorable Susan Richard Nelson, Courtroom No. 7B, United States District Court, 774 Federal Building, 316 N. Robert Street, St. Paul, Minnesota 55101, to determine, among other things:

- Whether this action should be finally certified as a class action for settlement purposes;

- Whether the settlement should be approved as fair, reasonable, and adequate;

- Whether the application of attorney's fees and expenses to be filed by Class Counsel should be approved; and

- Whether the service awards for the Class Representatives should be approved.

7.   <u>Class Notice</u>.

(a)   The parties' proposed Notice and Claims Administration Form are hereby approved as to form and substance.  The Court finds that the Notice: (i) constitutes the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Rule 23 Settlement Class of the pendency of this action, their right to object to the settlement, and their right to appear at the final approval hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

(b)   The Notice and Claims Administration Form shall be sent by first-class mail during the week of April 16, 2012 by a third-party vendor retained by Del Monte ("the Claims Administrator").  The date that is 60 days after the mailing date stated in the previous sentence shall be inserted in the Notice as the deadline by which Claims Administration Forms or requests for exclusion must be postmarked and objections to the settlement or requests to appear at the final approval hearing must be filed with the Court ("Claim Deadline").  Copies of the Notice and Claim  Administration Form in Spanish translation shall also be included with the mailed Notice.  If the parties agree upon the translation, the translated versions may be used without seeking further Court approval.  In the event that the parties cannot agree upon an appropriate translation,

6

then the translated documents will have to be approved by the Court before the Notice and Claims Administration Form may be mailed.

8.     Claims Administration.  The Claims Administrator is hereby authorized to conduct claims administration.

9.     Submission of Claims Administration Form.  Any Rule 23 Class Member who wishes to claim benefits pursuant to the parties' settlement must properly complete and timely return the parties' proposed Claims Administration Form to the Claims Administrator.  The Claims Administration Form will not be valid unless is it postmarked on or before the Claim Deadline.  Any Rule 23 Settlement Class member who does not timely submit a properly completed Claims Administration Form will not be entitled to any settlement benefits.  Class Members may return either the English or Spanish versions of the Claims Administration Form.  In the event a Class Member completes and returns both versions and there are any inconsistencies between the forms, the Class Member will be informed of the situation by letter and given an opportunity to withdraw one of the forms.  In the event of unresolved material inconsistencies between multiple forms submitted by the same Class Member, the form bearing the later date shall control. If the inconsistent forms are not dated or bear the same date, then the English language version of the form shall be considered as the final expression of the Class Member's intentions.

10.    Objections to Settlement.  Any member of the Plaintiff Class who wishes to object to the fairness of the settlement ("Objector") may file an objection.  To do so, an Objector must file with the Court and serve upon Class Counsel and Defendants' counsel

a signed statement of his or her objections that includes: (i) the Objector's current name, address, and telephone number; and (ii) the specific grounds for the objection.  If an Objector wishes to be heard at the final approval hearing, he or she shall so state in the objection.  The address for filing objections with the Court and service on counsel are as follows:

> Clerk of Court
> United States District Court
> United States Courthouse
> 774 Federal Building
> 316 N. Robert Street
> St. Paul, Minnesota 55101
>
> Troy Poetz and Greg Haupert
> Rajkowski Hansmeier, Ltd.
> 11 Seventh Avenue North
> PO Box 1433
> St. Cloud, Minnesota 56302-1433
>
> David J. Goldstein and Jeffrey A. Timmerman
> Littler Mendelson, P.C.
> 1300 IDS Center
> 80 South 8th Street
> Minneapolis, Minnesota 55402

No Objector shall be heard and no papers, briefs, pleadings, or other documents submitted by any Plaintiff Class member shall be received and considered by the Court unless the Objector or his or her counsel (if any) sends the objection to the Clerk of Court and to the counsel listed above, and it is received by the Clerk of Court no later than the Claim Deadline.  Any person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement.

11.    <u>Requests for Exclusion</u>.

(a)    Any Rule 23 Settlement Class member who wishes to exclude himself or herself, or opt-out of, the Rule 23 Settlement Class must indicate in a letter that he or she wants to be excluded from the Rule 23 Settlement Class and send it to the Claims Administrator ("Exclusion Letter").  The Exclusion Letter should also include the class member's current name and mailing address.  The Exclusion Letter will not be valid unless it is postmarked on or before the Claim Deadline.

(b)    Any Rule 23 Settlement Class member who does not submit a valid Exclusion Letter shall for all purposes be a member of the Rule 23 Settlement Class and bound by the terms of the parties' settlement and any orders or judgment entered in connection therewith by the Court.  All persons who make a valid request for exclusion from the Rule 23 Settlement Class will not have any rights under the parties' settlement, will not be entitled to receive any settlement payment or proceeds, and will not be bound by the parties' settlement or any final Order of judgment thereon.

12.    <u>Use of Order</u>.  This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against defendants of any fault, wrongdoing, breach, or liability or concession as to any issue, including the appropriateness of class certification.  Nor shall the Order be construed as an admission, concession, or declaration by or against the Named Plaintiffs, FLSA Class members, or Rule 23 Settlement Class members that their claims lack merit or that the relief requested in the Complaint is inappropriate or unavailable.

13.    <u>Stay</u>.  This action is stayed pending the Court's ruling on the settlement at the Final Approval Hearing.  The Named Plaintiffs, FLSA Class members, and Rule 23 Settlement Class members are enjoined from filing or prosecuting any action based on or in any way related to the claims asserted in the Complaint until the Court's ruling on the Final Approval Hearing.

Dated this 13th day of March, 2012.

<u>s/Susan Richard Nelson</u>
SUSAN RICHARD NELSON
United States District Court Judge