UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Yendi Trevino, et al.                      **Civil No. 10cv04411 SRN/JJK**

      Plaintiff,

v.

Del Monte Corporation,

      Defendant.

**FINDINGS AND ORDER FOR FINAL JUDGMENT**

Now before the Court is the parties' Joint Motion for Final Approval of Collective and Class Action Settlement and Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Named Plaintiffs in the above captioned matter (the "Action"), which was heard on September 27, 2012. At the hearing, Troy A. Poetz appeared on behalf of Plaintiffs and David J. Goldstein appeared on behalf of Defendant. There were no other appearances.

Having heard the statements of counsel for the parties, having considered all of the files, records, and proceedings in this action, and being otherwise fully advised, the Court makes the following findings.

**I.    BACKGROUND**

    **A.    FLSA Class Certification**

(1) By Order dated April 19, 2012 (Docket No. 79) the Court conditionally certified the following collective action class pursuant to 29 U.S.C. § 216(b):

> All current and former non-exempt, non-supervisory employees of Del Monte Corporation who work or have worked for Del Monte Corporation at its plant in Sleepy Eye, Minnesota and who were required to put on mandatory work gear at the beginning of their shifts and take off such gear at the end of their shifts from April 28, 2011 to the present.

(The "FLSA Class")

(2) Members of the FLSA Class were provided with Notice of the Action and an opportunity to join the Action by signing and mailing to Plaintiffs' attorneys a Plaintiff Consent Form. 57 individuals sought to join the action by timely returning signed Consent Forms.

### B. Settlement Class Certification

In an Order filed on April 19, 2012 (Docket No. 247)(the "Preliminary Order"), this Court, among other things, determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following classes (the "Rule 23 Settlement Class"):

> All current and former nonexempt, non-supervisory seasonal employees of Del Monte Corporation who performed work at its facility in Sleepy Eye, Minnesota, during the period of September 28, 2007, to September 26, 2011, and who were required to don mandatory work clothing at the beginning of work shifts and/or doff work clothing at the end of work shifts.

**FINDINGS**

**I.     JURISDICTION**

This Court has jurisdiction over the subject matter of the Action.

**II.    NOTICE**

A.     Pursuant to the terms of the Settlement and the Preliminary Order, members of the FLSA Class and the Rule 23 Settlement Class have been provided with notice of the settlement and an opportunity to (a) submit a claim form; (b) exclude themselves from the class; or (c) object to the Settlement.

B.     The notice to members of the Rule 23 Settlement Class complied with Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted sufficient notice of the matters set forth therein.

C.     Defendant has complied with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1711 *et seq.*, and more than 90 days have passed since notice pursuant to CAFA was served upon the appropriate federal and state officials.

**III.   FAIRNESS OF THE SETTLEMENT**

A.     Having considered all of the files, records, and proceedings in this action, and being otherwise fully advised, the Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Rule 23 Settlement Classes.  In reaching this conclusion, the Court has considered, among other things:

1.     The terms of the Settlement represent a fair and reasonable compromise of the issues in dispute between the parties.

2.     The Settlement is adequate and in the best interests of the Classes.

3. The Settlement has been widely accepted by the Classes. Ninety-four members of the Rule 23 Settlement Classes returned claim forms accepted as valid and their claims represent over 45% of the dollar amount available for distribution to members of the Classes. Only one individual has sought to exclude themselves from the class and no one has objected to the Settlement.

## III. STATUS OF THE CLASS MEMBERS

### A. The FLSA CLASSES

1. Based on the foregoing findings and the Court's previous Orders, the Court reaffirms certification of the FLSA Classes, for the sole purpose of settlement, and without an adjudication on the merits.

2. Every member of an FLSA Class is also a member of one of the Settlement Classes. Accordingly, the disposition of the claims of the FLSA Classes is discussed in connection with the disposition of the claims of the Settlement Classes.

### B. The Settlement Classes

1. Exhibit A to this Order identifies those individuals who have submitted valid claims pursuant to the Settlement.

2. Exhibit B to this Order identifies those individuals who filed a valid consent to join the FLSA action, but who did not make a valid claim pursuant to the Settlement.

3. Exhibit C to this Order identifies those Rule 23 Settlement Class Members who did not exclude themselves from the Rule 23 Settlement Class and neither

filed a valid consent to join the FLSA action nor made a valid claim pursuant to the Settlement.

4. Exhibit D to this Order identifies those individuals who were eligible to participate in the Settlement, but who have excluded themselves from the Rule 23 Settlement Class.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. With regard to each and every individual identified on Exhibit A to this Order, judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any party.

(a) Each and every individual identified on Exhibit A to this Order is hereby conclusively deemed to have released Del Monte Corporation (including its parents, subsidiaries, affiliates, insurers, directors, officers, agents, employees, predecessors, successors, and assigns) from any and all claims against it that have been or could have been asserted in the Action, both known and unknown, contingent and non-contingent, in progress and not in progress, including all claims under the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; all claims under the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, et. seq.; all claims for failure to pay wages; all claims for failure to comply with laws requiring payment of minimum wage or overtime compensation; and all claims for penalties, liquidated damages, attorney fees, costs, interest, and injunctive relief.

(b)     Plaintiffs Yendi Trevino, Vanessa Quintanilla, Lydia Diaz, Claudia Diaz, Maria Diaz and each and every individual identified on Exhibit A to this Order are hereby barred and permanently enjoined from instituting, asserting or prosecuting against Del Monte Corporation (including its parents, subsidiaries, affiliates, insurers, directors, officers, agents, employees, predecessors, successors, and assigns), either directly, representatively, or in any other capacity, any and all claims asserted in the Action and any and all claims that they or any of them may now have, whether known or unknown, contingent and non-contingent, in progress and not in progress, including all claims under the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, et. seq.; all claims for failure to pay wages; all claims for failure to comply with laws requiring payment of minimum wage or overtime compensation; and all claims for penalties, liquidated damages, attorney fees, costs, interest, and injunctive relief.

(c)     The Claim Administrator shall cause checks to be mailed to each of the individuals identified on Exhibit A to this Order in the amounts stated on the claim forms sent to them.  If a revised claim form was sent to an individual, the payment shall be the amount stated on the revised claim form.  The payments are subject to tax withholding.  Defendant shall provide the Claim Administrator with the funds and information as well as any reasonable assistance necessary for it to perform this obligation.

(d)     The Claim Administrator shall mail the checks required by Paragraph 1(c) of this Order within 10 days following the satisfaction of all the following conditions:

      1.      The time for seeking any further review or taking any appeal from this Order and/or the judgment of the Court has expired;

      2.      Any appeals from this Order and/or the judgment of the Court have been finally resolved; and

      3.      There have not been any changes to the scope of the classes certified, the terms and conditions of the Settlement, and/or the provisions of this Order resulting from any such review of or appeals from this Order and/or the Judgment.

2.      With regard to each and every individual identified on Exhibit B, Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any party.  The preclusive effect of this dismissal with prejudice shall extend to any claims that the individual may have under the federal Fair Labor Standards Act through September 26, 2011.

3.      With regard to each and every individual identified on Exhibit C, Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any party, except that with regard to such individuals, the First Cause of Action (Violation of the Fair Labor Standards Act of 1938) pled in Plaintiffs' First Amended Complaint (Docket No. 1) is dismissed without prejudice and without taxation of costs in favor of or against any party.

4.      With regard to each and every individual identified on Exhibit D, judgment shall be and hereby is, entered dismissing this Action without prejudice and without taxation of costs in favor of or against any party.

5.      Counsel for the class are awarded attorneys' fees in the amount of $104,679.22 and reimbursement of litigation expenses and costs in the amount of

$12,157.07, such amounts to be paid by the Class Administrator within 10 days following the satisfaction of the conditions set forth in Paragraph 1(d) of this Order.  Defendant shall provide the Claim Administrator with the funds and any reasonable assistance necessary for it to perform this obligation.

6.    Plaintiffs Yendi Trevino, Vanessa Quintanilla, Lydia Diaz, Claudia Diaz, Maria Diaz are awarded incentive payments in the amount of $1,000 each to be paid by the Claims Administrator within 10 days following the satisfaction of the conditions set forth in Paragraph 1(d) of this Order. Defendant shall provide the Claims Administrator with the funds and any reasonable assistance necessary for it to perform this obligation.

7.    If there are any claims in this Action that are not resolved by the foregoing provisions of this Order, judgment shall be and hereby is entered dismissing such claims without prejudice and without taxation of costs in favor of or against any party.

8.    The Court hereby decrees that neither the Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by Del Monte Corporation of any liability or wrongdoing.  This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Neither the Settlement nor this Final Judgment nor the fact of Settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption or inference against Del Monte Corporation in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement.

9.    The Court hereby retains and reserves jurisdiction over:

    (a) implementation of the Settlement and any distribution to members of the Rule 23 Settlement Class under the terms and conditions of the Settlement and pursuant to further orders of this Court;

    (b) the Action, until (i) the date upon which the judgment entered pursuant to this Order becomes final and not subject to further appeal or review, and (ii) each and every act agreed to be performed by the parties shall have been performed pursuant to the terms and conditions of the Stipulation of Settlement and this Order; and

    (c) all parties, for the purpose of enforcing and administering the Stipulation of Settlement and this Settlement.

  10. In the event that the conditions set forth in Paragraph 1(d) of this Order are not satisfied, this Final Judgment shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status prior to execution of the Stipulation of Settlement.

  11. The Clerk of Court is hereby directed to enter final judgment forthwith.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 4, 2012.

            <u>s/Susan Richard Nelson</u>
            Susan Richard Nelson
            United States District Judge